[Crim. No. 4964.   Second Dist., Div. Three.   May 29, 1953.]

THE PEOPLE, Respondent, v. LARRY C. SIMMONS et al., Defendants; NATHANIEL CRAWFORD, Appellant.

David Silverton for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

SHINN, P. J.—Nathaniel Crawford appeals from a judgment convicting him of violation of section 11500 of the Health and Safety Code, in that he had in his possession flowering tops and leaves of marijuana. Others jointly charged with him were one Simmons and one Edward. Each defendant made a motion for dismissal under section 995 of the Penal Code. The motion was granted as to Simmons and denied as to Edward and Crawford. Trial by jury having been waived, it was stipulated that the People's case be sub-

mitted on the transcript of the testimony taken at the preliminary hearing and an exhibit referred to therein. No other evidence was introduced. Edward was found not guilty. Appellant's application for probation was denied and he was sentenced to the county jail for a term of 90 days. The sole contention on the appeal is that the evidence was insufficient to justify a finding of guilt.

Two Los Angeles City police officers, Conrad and Lamberty, made the arrest at about 1:50 a. m. Their testimony was that they stopped the car in which appellant and the others were riding and ordered it to the curb. The car did not belong to any of the occupants. Conrad approached the car on the left side, Lamberty on the right. Lamberty testified that as he approached the rear of the car he observed a small brown envelope being tossed out of the right rear window; he picked it up, handed it to Conrad, and they found that it contained two brown paper-wrapped cigarettes which, according to the testimony of a police department chemist, contained marijuana; the right rear window of the car was lowered from the top about half an inch and appellant was sitting next to the window; other windows on the right side of the car were closed. Lamberty did not actually see Crawford throw the envelope out of the window, but he saw it from the time it left the window until it struck the ground. The three occupants of the car were ordered to leave it and upon investigation Officer Conrad found a tobacco can containing 14 brown paper-wrapped cigarettes under the front seat. These cigarettes, also, according to the evidence, contained marijuana.

Appellant's argument is that the envelope could have been thrown out of the window by Edward, who was in the front seat, but this supposition ignores the testimony of the officers that the right front window was closed, while that at the rear was open. Of course, Edward could have reached back to the rear window and dropped the envelope through the opening, but this was a question for the trier of the facts. Either one or the other threw away the cigarettes and the trial court, after due deliberation, determined that the probabilities were greater that they were thrown away by appellant. If so, he, of course, had had them in his possession, and was guilty of the act charged. We note that appellant was shown to be of good reputation, employed by Lockheed Aircraft, had not previously been in trouble, and that he had

recently been released from service in the army. It is clear that the court, in reaching its decision, took these facts into consideration and gave appellant the full benefit of the presumption of innocence.

We cannot reweigh the evidence, but only decide as to its legal sufficiency. Since appellant gave no testimony he cannot justly criticize the court for believing the testimony of the officers.

The judgment and order denying motion for new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied June 9, 1953.