[Crim. No. 5513.   Second Dist., Div. Two.   May 16, 1956.]

THE PEOPLE, Respondent, v. MIKE AVALOS GONZALES, Appellant.

Forno & Umann for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

MOORE, P. J.—Having been convicted of illegal possession of heroin and marihuana and of having been previously convicted of a violation of section 11500, Health and Safety Code, defendant now seeks a reversal of the judgment on the grounds that (1) his home was illegally searched at the time of his arrest; (2) he was arrested without probable cause and (3) appellant was prejudiced by the court's refusal to require the arresting officer to divulge the identity of the informant whose report was the basis for defendant's arrest.

About 7 p. m. of March 9, 1955, the Narcotics Division of the Los Angeles Police Department received a telephone call to the effect that Mike Gonzales was using heroin and actually

had the narcotic in his home. The informant had given information on prior occasions to the police and they had confidence in his integrity and reliability. Officer Broadhurst who had received the message accompanied by Officer Lucarelli called on appellant, knocked on the latter's door and asked to see him. When he appeared and identified himself as Gonzales, Broadhurst searched him and removed from his left shirt pocket, a green capsule box containing gelatine capsules which were filled with white powder. Appellant freely stated that he had paid $65 for 60 "caps" of heroin and they were for his own use; that no one else in the home knew anything about them; that the outfit in his pocket was his own, as well as the marihuana cigarette in his brother-in-law's gray suit; that he had purchased three of them a short time ago and had forgotten all about that one; that he used about a gram of heroin daily. Four people were present when appellant was searched, but the cigarette was taken from the suit in a different room by Officer Lucarelli alone.

The informant was an operator for the police department; he had wisely advised the officers on previous occasions in narcotic arrests. They had found him reliable. Officer Broadhurst declined to reveal his name, as contrary to public interest.

The evidence adopted by the court is that when the officers, acting upon credible information, knocked at appellant's door, he asked them in. They arrested him, found one vial of heroin on his person. Then they searched the house and found additional narcotics and some instruments.

Since the court believed the officer's testimony that he had received information of appellant's possession of heroin and that he had narcotics in his home, a felony, and that his informant was a responsible person, it held the arrest was legal and the search following was lawful and not violative of the Cahan rule. (*People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905].)

The foregoing statement of appellant's arrest and the search of his home readily answer his criticism of the receipt of the evidence obtained by the officers. They relied upon their informer because they knew and trusted him. Hence, the arrest was lawful. (Pen. Code, § 836, subd. 3.) ■ Reasonable grounds for justifying an arrest may consist of information obtained from others and such information is not necessarily such as would be admissible at the trial of the arrestee on the question of his guilt. (*People* v. *Boyles*, 45 Cal.2d 652, 656 [290 P.2d 535].)

■ The weight to be accorded the information upon which the officer acts in making an arrest for a felony is to be determined by the trial court in the exercise of a sound discretion. (*United States* v. *Li Fat Tong,* 152 F.2d 650, 652.) ■ Where officers have lawfully entered a house and find reasonable cause for believing the occupant has committed a felony, they may arrest him without a warrant. (*In re Dixon,* 41 Cal.2d 756, 761 [264 P.2d 513].)

■ Appellant complains that the trial court prejudiced his cause by refusing to allow him to cross-examine the officers as to the name of their informant. There was no error in such ruling. Knowledge of the name of the "operator" who had evidently gained accurate information with reference to appellant's possession of narcotics could not have proved the latter guiltless. The disclosures by the arrest show that the information was correct. Not only would such knowledge have been of no service in an attempt to establish appellant's innocence, but it would have affected the public welfare adversely. If the unnamed "operator" is successful in ferreting out violators of the narcotics laws, he should have the gratitude of the State. If his name is carried on the tongue of every "dope peddler" in the county, he would have only the scorn of the sinful. But the court in refusing appellant the right of such cross-examination was obedient to the statute that a public officer cannot be examined as to official communications made to him in confidence if the public interest would suffer. (Code Civ. Proc., § 1881, subd. 5. See Fricke's Crim. Evidence (3d ed.), p. 314; *People* v. *Hernandez,* 115 Cal.App.2d 435, 439 [252 P.2d 75]; *People* v. *Gonzales,* 136 Cal.App.2d 437 [288 P.2d 588].) In announcing the foregoing rule, we do so with the reservation that the court is now concerned only with a case involving search and seizure. It is not here held that the right of free cross-examination should be denied in any criminal cause in which knowledge of the officer's informant would probably prove the innocence of the accused. (See *Scher* v. *United States,* 305 U.S. 251, 254 [59 S.Ct. 174, 83 L.Ed. 151]; Annotated at 83 L.Ed., p. 155; also, anno. to *United States* v. *Ragen,* 95 L.Ed. at 431; VIII Wigmore on Evidence (3d ed.) § 2374, p. 751.) ■ Suppressing the identity of an undercover operator or of a "friend to the law" who has ventured to assist the prosecution by disclosing information as to where crime has been, or is about to be committed is a benefit to

608

the State. But such benefit must not be extended to such a degree as to multiply injustices. █ It is not just any "tip" upon which an officer may act. (See *People* v. *Thymiakas*, 140 Cal.App.2d 940 [296 P.2d 4], Crim. No. 5554.) The officer's information must have come from a *reliable* source and the officer must act in good faith in testifying that he had received his information from a reliable person, and such good faith must pass the scrutiny of the trial judge. No abuse of discretion having been shown, the court's ruling was correct.

Judgment affirmed.

Fox, J., and Ashburn, J., concurred.