[Crim. No. 5708. Second Dist., Div. One. Oct. 30, 1956.]

THE PEOPLE, Respondent, v. FRANCES HOLGUIN, Appellant.

Gladys Towles Root, Eugene V. McPherson and Joseph A. Armstrong for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

FOURT, J.—In an information defendant was charged with violation of section 11500 of the Health and Safety Code, a felony, in that on or about October 26, 1955, in the county of Los Angeles, she unlawfully had heroin in her possession. Trial by jury was waived. The People offered oral and physical evidence. The defendant presented no witnesses. The court found the defendant guilty as charged and sentenced her to a term of imprisonment in the California Institution for Women. This appeal is from the judgment.

A résumé of the facts is as follows: Before noon, on October 26, 1955, the officers of the Police Narcotics Division received information from one of their confidential informers that there was a girl peddling heroin by the capsule out of the Tip Top Café on South Main Street in Los Angeles. The informer said the girl was wearing a brown sweater and levis, that she had the appearance of a boy, and that they called her "Frankie." About noon, on October 26, 1955, acting on the information, Officers McDermott and Pilkington proceeded to the café where they saw the defendant dressed in a brown sweater and levis, and otherwise fitting the description which they had received. They asked her if she was called Frankie, and she stated she was. She was placed under arrest, put in a police car and driven to the parking lot of the Police Administration Building. While at the parking lot, the police asked her to empty her pockets. She thereupon reached into her right pocket and produced a capsule wrapped in cellophane. The next day a chemist analyzed the capsule and found that it contained heroin.

Appellant contends that the arrest was unlawful and therefore, the search incident to the arrest was unlawful and unreasonable, and the evidence obtained therefrom should have been excluded. Appellant claims that since the People

introduced evidence tending to show the reasonableness of the search and seizure, the officers are precluded from relying on the presumption that they acted legally. It is true, as stated in *Badillo* v. *Superior Court*, 46 Cal.2d 269, 272 [294 P.2d 23] : ". . . the defendant makes a prima facie case when he establishes that an arrest was made without a warrant . . ., and the burden then rests on the prosecution to show proper justification." However, in the case before us a reading of the record does not disclose that the officers made the arrest without a warrant. The question of whether the officers had a warrant was never asked, nor raised in the trial court. Appellant had ample opportunity to make the simple inquiry, but she apparently chose not to do so.

As was said in *People* v. *Farrara*, 46 Cal.2d 265, 268-269 [294 P.2d 21], "to reverse the judgment it would be necessary to presume that the officers acted illegally and that the trial court erred in admitting the evidence so obtained. It is settled, however, that error will not be presumed on appeal (citing cases), and in the absence of evidence to the contrary it must also be presumed that the officers regularly and lawfully performed their duties. (Code Civ. Proc., § 1963 subds. 1, 15, 33; [citing cases].)" And as stated in *People* v. *Citrino*, 46 Cal.2d 284, 287 [294 P.2d 32], "The record, however, is silent as to whether the officers had a search warrant, and in the absence of any evidence showing the illegality of the search, we must presume that the officers regularly and lawfully performed their duties." We believe that the presumptions above set forth apply under the facts of this particular case.

The People contend that even if the appellant had made the necessary prima facie showing that the officers arrested her without a warrant, the officers had reasonable cause for believing that the appellant had committed a felony, and therefore the arrest was valid as being within the scope of Penal Code, section 836, subdivision 3. The appearance of the appellant at the bar coincided exactly with the description given by the informer, and that, in and of itself, was some evidence of the reliability of the information provided by the informer. In *Willson* v. *Superior Court*, 46 Cal.2d 291 [294 P.2d 36], the identity of the informer was unknown, and the police had no previous experience with him to indicate that his information was reliable. The information given to the police was that a large bookmaking operation was in progress in a certain bar; that a certain waitress would be

found standing near the telephone, and she took bets from customers. When the police arrived they found the circumstances to be precisely as the informer had described them. The waitress was standing by a pad and pencil and had slips of paper in her hand. When asked what was in her hand, she sought to conceal it. The court in deciding the case, among other things, said (at pages 295-296):

"Although petitioner's conduct observed by Officer Sunday in the bar would not of itself constitute reasonable cause to believe she was committing a felony, it was sufficient to justify Officer Sunday's reliance on the information given her of petitioner's bookmaking. Under these circumstances the evidence before the magistrate was sufficient to justify the conclusion . . . that Officer Sunday had reasonable cause before the search and seizure to believe that petitioner was guilty thereof, and that therefore the search, seizure and arrest were lawful."

In the case before us the informer was not an unknown or mere anonymous "tipster," but, as the officer testified, was a "confidential informer of ours (the police)."

The situation confronting the police reasonably appeared to be one which required immediate action. Appellant was apparently a visitor at a public bar, and the prospects of her not being there in a few hours, or when the police arrived, was great.

In our opinion the record justifies the presumption that the officers were acting lawfully in the performance of their duty, and in any event, there was reasonable cause for the officers to believe the appellant had committed a felony.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied November 9, 1956, and appellant's petition for a hearing by the Supreme Court was denied November 28, 1956.