[Crim. No. 5687.   Second Dist., Div. Two.   Dec. 3, 1956.]

THE PEOPLE, Respondent, v. GILBERT MANUEL MONTES, Appellant.

John H. Marshall and Harold J. Ackerman for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier, and J. M. Sanderson, Deputy Attorneys General, for Respondent.

MOORE, P. J.—Convicted of having possession of marijuana (Health & Saf. Code, § 11500) and of a prior conviction, a misdemeanor, defendant appeals from the judgment and from the order denying his motion for a new trial.

The narcotics detail of the sheriff's office having been informed by a reliable, confidential person that appellant was dealing in and using heroin and marijuana, placed the latter's home under surveillance on January 11, 1956, about 6:30 in the evening. He was on his premises. Officer Vega observed a coupé arrive at the home; saw appellant enter his back door, return to the car, contact its occupant and give him a package. At 7:10 p. m. appellant contacted parties

in a sedan. He entered his house, returned and gave some object to the occupants of that car also.

The officers recessed from their watch and pursued both automobiles. As they approached the coupé, a package containing marijuana was thrown from that vehicle. When they searched the sedan, two brown paper bags of marijuana were found. The officers returned at 7:45 p. m. At that time as appellant arrived in a station wagon, they placed him under arrest and searched the house and the premises outside. They found no narcotics in abundance, but in a box, within a drawer of a kitchen cabinet they found a druggist's scale containing fragments of marijuana. About 20 feet from the back door they found a vial containing the same narcotic. The officers had twice observed appellant near the spot where the vial was found, to wit, when the coupé and the sedan separately entered his premises. Appellant admitted the scale belonged to him and testified that no one had used it except his 13-year-old son.

Appellant contends that the vial and the scale were not properly admissible for the reason that they were fruits of an illegal search; also, that if properly received, the evidence was insufficient.

The search of appellant's premises and the seizure of the scale and vial were not illegal. They were incidental to a lawful arrest. Officer Vega knew appellant as a narcotic addict. His informant concerning Montes' recent activities was known to the officer to be reliable. Previous arrests had been justifiably made after acting upon this informant's advice. Before they had watched appellant's home an hour, two callers had driven into appellant's driveway and the occupants of both conveyances contacted him under suspicious circumstances. Each visiting car was followed by the officers. From one a package of marijuana was thrown to the ground; in the other on the front seat were two packages of the same leafy substance.

A valid arrest may be made solely by reason of information communicated by a reliable informant. (*People* v. *Gonzales*, 141 Cal.App.2d 604, 606 [297 P.2d 50]; *Trowbridge* v. *Superior Court*, 144 Cal.App.2d 13, 17 [300 P.2d 222].) Furthermore, the officers had observed the behavior of appellant as the visitors in the two automobiles arrived and later found both cars bore away packages of marijuana. Such evidences afforded reasonable ground for the search of the premises as well as for the arrest of

appellant. The arrest was valid and the search was incidental thereto. (*Willson* v. *Superior Court,* 46 Cal.2d 291, 295 [294 P.2d 36].)

Appellant contends that the search was unlawful in that it continued through the night of January 12 and for a part of the next day. ██ The constitutional guaranty contains no specification against a continued search. If a search is authorized by either a search warrant or by information of a reliable informant that a felony has been or is being committed, an officer may, under circumstances such as occurred in this case, continue reasonably to explore every avenue that may lead to a discovery of the contraband article. Where the officer believes from reliable evidence that an arrestee has become a chronic culprit, and possesses evidence of his crime, no pains should be spared to uncover the object of his endeavors.

██ Neither is the search of a home unreasonable because the wife and children are present and witness the conduct of the officers. A man's family is a part of him. When he decides to defy the law, he thereby contracts for them to witness the ignominy of his arrest, to see his home ransacked and his own person removed in irons. He cannot expect to prescribe the manner in which law-enforcement agencies must perform.

*People* v. *Simon,* 45 Cal.2d 645, 650 [290 P.2d 531], is not pertinent to the duration of the search. The officer who arrested Simon had no evidence of a crime having been committed by him. He simply did not like Simon's being in a warehouse district at 10:40 p. m. Neither is *People* v. *Harvey,* 142 Cal.App.2d 728 [299 P.2d 310], pertinent. The officers had no encouragement to search Harvey's house other than the casual opinions of the inspectors that "something was wrong." Nothing "wrong" happened. A coupé approached and parked and Harvey entered his own home. When he returned to and crossed the street, he was arrested.

Appellant herein was deservedly a suspect. The officers knew "he had had to do with narcotics for approximately six months." After his arrest, search of the kitchen-cabinet drawer produced the small scale. Appellant had the key to the drawer.

██ Entry upon a field or a driveway is not an unlawful search forbidden by the Fourth Amendment. (*Hester* v. *United States,* 265 U.S. 57 [44 S.Ct. 445, 68 L.Ed. 898]; *Martin* v. *United States,* 155 F.2d 503; *People* v. *Martin,* 45

Cal.2d 755 [290 P.2d 855].) Therefore, the search that revealed the glass vial containing marijuana was not prohibited. (*Willson* v. *Superior Court, supra,* 46 Cal.2d 291; *People* v. *Boyles,* 45 Cal.2d 652 [290 P.2d 535].)

Not only did the officers observe appellant at or near the vial twice as they watched his movements while the occupants of the visiting automobiles received the packages of marijuana, but he could give no reasonable explanation for their visits. His one explanation was proved false by his own testimony with reference to the use of the scale by his son. The deductions of the trial court that appellant knew of his own possession of the forbidden weed are reasonable inferences and are sufficient to support the implied finding of the guilt of appellant. (*People* v. *Simmons,* 118 Cal.App.2d 238 [257 P.2d 749] ; *People* v. *Walker,* 121 Cal.App.2d 173 [262 P.2d 640] ; *People* v. *Douglas,* 141 Cal.App.2d 33, 36 [296 P.2d 1].)

Finally, it is the rule that where there is evidence, circumstantial or direct, that a crime has been committed and that the defendant was its perpetrator, the reviewing court will not weigh the evidence but "will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt." (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Judgment and order affirmed.

Fox, J., and Ashburn, J., concurred.