[Crim. No. 5740.   Second Dist., Div. Two.   Feb. 18, 1957.]

THE PEOPLE, Respondent, v. ALICE PENSON, Appellant.

Earl C. Broady for Appellant.

Edmund G. Brown, Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was charged with bookmaking and recording bets on horse races, in violation of subdivisions 1 and 4, respectively, of section 337a, Penal Code. It was also alleged that she had suffered a prior conviction of selling and concealing heroin, a felony, and that she had served a term of imprisonment therefor.   Defendant was found guilty on

both counts, and the court further found the charge of prior conviction to be true. She appeals from the judgment.

On January 11, 1956, at approximately 4:30 in the afternoon, Officer Allen, of the Los Angeles Police Department, assigned to the Administrative Vice Division, accompanied by Officer Gough, went to 1108 East Vernon Avenue, Los Angeles, pursuant to a tip from an informant who advised them that bookmaking activities were taking place in the back room of this location by the use of a telephone, operated by a woman. The informant had previously given the police officers information which had proved reliable, based upon which they had made arrests and secured convictions.

The establishment where the arrest took place was divided by a partition, the front portion of which was a barber shop, and the back portion was in the nature of a combination lounge and rest room. The door in the partition had a small window, approximately 8 inches by 10 inches in size; a portion of the glass had been painted over, leaving some four inches of visibility, so that one could see only through an area of about 4 inches by 10 inches. In the partition was a two-way mirror of dark blue color. By means of this mirror one could see from the back room into the barber shop, but could not see from the barber shop into the back room.

When the officers entered the back room they followed a man who knocked on the door, which was opened for him. They observed a woman talking on the telephone. In front of her was an adding machine which she was operating. When defendant observed the officers she dropped the telephone and suddenly turned toward them. On the table next to the adding machine were several pieces of folded paper. With one motion, defendant brushed these papers onto the floor. They were, however, retrieved by the officers; they proved to be betting markers. Defendant, very hurriedly, went to the back of the room, at which time she was placed under arrest. There was also a piece of paper in the adding machine with a few notations on it. A copy of the National Daily Reporter, commonly known as a "scratch sheet," was found on the table. There was a radio in the room from which racing results were heard being broadcast from a Mexican station. There were six other people in the room looking at scratch sheets.

During the time the officers were in the room the telephone rang on several occasions. Officer Allen answered the telephone on each of these occasions but did not talk to any of

the people on the other end of the line. The only thing that was heard by him was a clicking sound, following which no buzzing sound was audible.

Defendant's position is that her arrest was unlawful on the ground that the officers did not have sufficient information to establish "reasonable or probable cause" for believing that she was committing a public offense; that the ensuing search was in violation of her constitutional rights; and that the evidence thus seized was inadmissible. She seeks to bring her case within the doctrine of *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905].

In the recent case of *People* v. *Montes,* 146 Cal.App. 2d 530 [303 P.2d 1064], this court said, at page 532: "A valid arrest may be made solely by reason of information communicated by a reliable informant." In accord are *People* v. *Gonzales,* 141 Cal.App.2d 604, 606 [297 P.2d 50] ; *Trowbridge* v. *Superior Court,* 144 Cal.App.2d 12, 16 [300 P.2d 222] ; and *People* v. *Soto,* 144 Cal.App.2d 294, 299 [301 P.2d 45]. See also *Willson* v. *Superior Court,* 46 Cal.2d 291, 294 [294 P.2d 36] ; *People* v. *Boyles,* 45 Cal.2d 652, 656 [290 P.2d 535]. This rule governs in the instant matter.

The record shows that the officers had received information from a known source which on former occasions had proved to be reliable. The informant gave not only the address but the particular portion of the premises where the bookmaking activities were being carried on and the method of operation, viz., by telephone, with a woman in charge. With this type of reliable information, the officers had reasonable cause to believe that bookmaking was being carried on in the back room of the barber shop, and that the female telephone operator was committing the offense. Her arrest was therefore lawful (cases *supra*). The Cahan case, *supra,* has no application.

As an incident to such an arrest, it was proper for the officers to search the premises and seize items which they believed were being used by defendant in the commission of the crime for which she was arrested. (*In re Dixon,* 41 Cal. 2d 756, 761-762 [264 P.2d 513].) The betting markers and the scratch sheet thus obtained were properly admissible in evidence. (*People* v. *Coleman,* 134 Cal.App.2d 594, 598-599 [286 P.2d 582].)

There is no substance to defendant's suggestion that the reliability of the informer should be discounted because the identity of the individual was not disclosed. The officers'

appraisal of the informant's reliability was based upon the truthfulness of prior reports from this person which they had verified upon investigation.

The judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.