[Crim. No. 5891.   Second Dist., Div. Two.   May 20, 1957.]

THE PEOPLE, Respondent, v. HELEN DEAN, Appellant.

Harold J. Ackerman for Appellant.

Edmund G. Brown, Attorney General, William E. James and John S. McInerny, Deputy Attorneys General, for Respondent.

MOORE, P. J.—Appellant and her husband were tried upon an information charging three separate counts of illegal possession of narcotics. (Health & Saf. Code, § 11500.) The husband was acquitted of all charges but appellant was convicted of counts I and II charging possession of heroin and eukodal, a derivative of opium. Her motion for a new trial and probation having been denied, she was sentenced to state prison but the court suspended the sentence and granted probation on condition that she serve one year in the county jail and refrain perpetually from further illegal use of narcotics. She bases her demand for reversal solely upon the concept that the evidence introduced against her had been procured by a violation of the exclusionary rule, announced in *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905]. A recital of the facts will disclose that such rule was not violated.

About 7:30 p. m. Officer Schmidt of the Los Angeles police was informed that Albert Dean was a peddler of narcotics and had a quantity in his home. Not knowing the address, the informant accompanied the officers to the home. Schmidt had previously received accurate information with respect to other crimes from the same informant; had twice acted upon such information and found it to be reliable. Acting pursuant to the information, Officers Schmidt and Petevich were directed to the Dean home by the informant. They had neither warrant of arrest nor search warrant. They entered, arrested the husband, searched the premises and obtained two bottles of benzedrine. After appellant denied that she had any other narcotics and the officers stated that a police matron would be summoned to search her, she announced that that would not be necessary and removed from her brassiere two bottles containing a large quantity of heroin. She declared that all narcotics in the house belonged to her; that she intended to sell them. The narcotics discovered by the search were found to be heroin, codeine, dihydrohydroxy and eukodal.

Not only did appellant present the drugs to the officers but also she took the stand to say that she had been in possession of the capsules of heroin, had purchased them from a man

in downtown Los Angeles and that her husband knew nothing about her purchase or the presence of the drugs in the home.

Despite her testimonial admissions she contends that her arrest was unlawful for the reasons that the officers had neither warrant for her arrest nor a search warrant and that they were not justified in acting upon information from a reliable informant. ■ In this she is unmindful of the law that an arrest may be made by police officers acting solely on the advice of a reliable, confidential informant. (*People* v. *Guerrera,* 149 Cal.App.2d 133, 136 [307 P.2d 940]; *People* v. *Penson,* 148 Cal.App.2d 537, 539 [307 P.2d 24]; *People* v. *Montes,* 146 Cal.App.2d 530, 532 [303 P.2d 1064].) Appellant is obviously misled by those decisions where the information was received from anonymous informants. ■ While the information imparted to the officer by that type of informer is not sufficient to justify an arrest, yet when the officer knows his informant and that the latter is reliable, he may and should act with the same diligence as if he were in possession of a warrant of arrest. (*Willson* v. *Superior Court,* 46 Cal.2d 291, 294 [294 P.2d 36]; *People* v. *Holguin,* 145 Cal.App.2d 614, 617 [302 P.2d 635]; *People* v. *Thymiakas,* 140 Cal.App. 2d 940, 942 [296 P.2d 4].) ■ Whether the informant was reliable and whether the officer relied on the information received has first to be determined by the trial court so long as it acts with sound discretion. (*People* v. *Burke,* 47 Cal.2d 45 [301 P.2d 241]; *People* v. *Gonzales,* 141 Cal.App.2d 604, 607 [297 P.2d 50]; *People* v. *Thymiakas, supra.*) The information imparted to the officer is not evidence of guilt or innocence of the accused, for either the court or jury. Neither is the informant's credibility in issue with respect to the reasonable grounds for making the arrest. Only the credibility of the officer is in issue before the trial court and if it should determine that the officer is not credible the arrest and the search would have been made in vain and the evidence acquired by the arrest and the search would have been excluded. After all, the reliability of the informant is not paramount. It is the officer's credibility and the soundness of his reasons for relying upon his informant that must impress the court before it can determine that the officer was authorized to make the arrest.

■ In the instant action the informant was paid nothing for his information. He was not under arrest; was an employed working man. He did not personally know appellant's husband, Albert Dean. He was not connected with the police

department. He was not a user of narcotics; had never been convicted of a crime. He called on Officers Schmidt and Petevitch and volunteered the information that Albert Dean was a big narcotic peddler and had narcotics in his home. He did not know Dean's address but directed the officers to his home. By such recital and by the bearing and manner of Officer Schmidt, the court found that he was a credible witness and that his informant was a reliable person.

The action of the police in making the arrest of appellant on the strength of the information imparted to the police is to be commended as that of a diligent and valiant officer.

Judgment affirmed.

Ashburn, J., and Richards, J. pro tem.,* concurred.

A petition for a rehearing was denied June 3, 1957, and appellant's petition for a hearing by the Supreme Court was denied July 16, 1957.

*Assigned by Chairman of Judicial Council.