[Crim. No. 5886.   Second Dist., Div. Two.   Sept. 13, 1957.]

THE PEOPLE, Respondent, v. ROBERT P. SEXTON, Appellant.

Fredric A. Spindell, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

ASHBURN, J.—Convicted of possession of narcotics (Health & Saf. Code, § 11500) with a prior conviction of the same type of offense, defendant appeals from the judgment.

His sole contention is that indispensable evidence was obtained through an unlawful search and seizure.

On August 9, 1956, Officer Petievich of the Los Angeles Police narcotic division was advised by a confidential informant that defendant had heroin on his person. The informant gave the name and description of defendant and said he could be found at or near the corner of Fifth and Stanford Streets. Thereupon Petievich, with Sergeant Guindon and another officer, went to that location. They arrived within five minutes after receiving the information and found defendant there. They were able to identify him. He was arrested and Sergeant Guindon searched his person finding a brown paper strapped under defendant's arm which proved to contain four bindles of heroin. Defendant then said "that he picked these up and paid $20 for them and that that was all he had."

Appellant asserts that the officers had no basis for the arrest except that furnished them by the informant, which is conceded. From this predicate counsel argues that this was not adequate to constitute reasonable or probable cause and therefore the seizure was incident to an unlawful arrest and constituted a violation of the rule of *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513].

The contrary has been ruled in numerous cases. *People* v. *Gonzales,* 141 Cal.App.2d 604, 606 [297 P.2d 50]; *People* v. *Montes,* 146 Cal.App.2d 530, 532 [303 P.2d 1064]; *People* v. *Garnett,* 148 Cal.App.2d 280, 283-284 [306 P.2d 571]; *People* v. *Penson,* 148 Cal.App.2d 537, 539 [307 P.2d 24]; *People* v. *Dean,* 151 Cal.App.2d 165, 167 [311 P.2d 85]; and *People* v. *Hood,* 150 Cal.App.2d 197, 200-201 [309 P.2d 856], uphold this proposition and were decided by this division of this court. Each of them declares that information obtained from a reliable informant may afford sufficient basis for an arrest for felony and an incidental search if the trial judge in his discretion holds that the officers did believe and rely upon the informant and were reasonably justified in so doing. In the Gonzales case the informer was a known and trusted operative and his information was held sufficient basis for a valid arrest. At page 608 it was said: "The officer's information must have come from a *reliable* source and the officer must act in good faith in testifying that he had received his information from a reliable person, and such good faith must pass the scrutiny of the trial judge. No abuse of discretion having been shown, the court's ruling

was correct." In *People* v. *Montes, supra,* 146 Cal.App.2d 530, 532, we said: "A valid arrest may be made solely by reason of information communicated by a reliable informant." In *People* v. *Garnett, supra,* 148 Cal.App.2d 280, 284: "When an officer has in good faith testified that he had acted upon the information of an unnamed person and that such informant was reliable, he has thereby established a firm basis for his search of a suspect's premises. (Pen. Code, § 836.) Consequently, when a reliable informant told Officer Palmer that appellant had a supply of narcotics in room 203, the officer was then authorized to make the arrest."

Like holdings were made in *Trowbridge* v. *Superior Court,* 144 Cal.App.2d 13, 18-19, 22-23 [300 P.2d 222] ; *People* v. *Guerrera,* 149 Cal.App.2d 133, 136 [307 P.2d 940] ; *People* v. *Vice,* 147 Cal.App.2d 269, 272 [305 P.2d 270] ; *People* v. *Holguin,* 145 Cal.App.2d 520, 523 [302 P.2d 635] ; *Lorenzen* v. *Superior Court,* 150 Cal.App.2d 506, 509 [310 P.2d 180]. The Supreme Court denied a hearing in each of the Trowbridge, Dean and Holguin cases. No application for a hearing was made in any of the other cases cited. The matter is summarized in *Lorenzen* v. *Superior Court, supra,* at page 509, as follows: "The record raises clearly the issue— may police officers make an arrest without a warrant and a search and seizure based only upon information from a confidential informant whose information has proved reliable in the past, that an individual is committing a felony? 1. *Propriety of Arrest.* This is not a new question in California. It has been decided so many times that such information is sufficient that it is an open question no longer."

It is argued at bar that there were attendant corroborating circumstances in some of the above cases and this is true, but the occurrence of such supporting facts was not treated as detracting from the announced rule that information received from one reliable informant may be sufficient if so found by the trial judge in a given case. The argument that one informant is not enough was disposed of by Mr. Justice Fourt in the following language in *Trowbridge* v. *Superior Court, supra,* 144 Cal.App.2d 13, 22-23: "It is contended that because the officers had no personal, independent knowledge that the defendant had committed a felony, and because there was only one informer, and such informer had only been 'usually' reliable on not more than three occasions, therefore, by the nature of things, there could not possibly be sufficient information arise from such a state of affairs to

warrant a reasonable arrest and seizure. A short answer to any such contention is that it is not the number of informers involved but the reliability of the informant and the reasonableness of the information supplied which should count the most with the officer in making up his mind what to do.''

The court did not commit prejudicial error in receiving the evidence under discussion.

Judgment affirmed.

Moore, P. J., and Fox, J., concurred.