[Crim. No. 5942. Second Dist., Div. Two. Oct. 18, 1957.]

THE PEOPLE, Respondent, v. FRANCISCO AGUILAR SALCIDO, Appellant.

Harold J. Ackerman for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MOORE, P. J.—Defendant appeals from a judgment convicting him of possessing heroin. (Health & Saf. Code, § 11500.)

About August 1, 1956, the Narcotics Division of the Los Angeles police force was confidentially informed by a reliable person that appellant was then peddling and using narcotics in an apartment on Flower Street and that he was with a woman named Esperanza. The officers called immediately, found the lady alone and Salcido absent. They received no further notice for about three months. On November 5, 1956, an informant reported to Officer Hall that appellant had just received a large quantity of heroin and was "capping it up" at his home at 916 Diamond Street. An immediate response took the officers to that address. When they knocked, they were admitted by Augustine Salcido, appellant's father, who asked the officers to enter. He directed them to the rear of the apartment. They walked on by him and found appellant seated on a small stool in the bathroom in front of the toilet. In his left hand he held a mirror; in his right was a pocket knife with which he was mixing the powder on the mirror. Apprehensively, the officer seized appellant's hands and during the ensuing struggle, the powder was spilled on the floor which was covered with water. On the toilet lid lay a small latex bag which also contained white powder. Appellant was then placed under arrest. In the presence of his father and sister, appellant voluntarily stated that the latex bag and its contents were his; that he had bought three spoons of heroin the night before for $75 and that he was capping it up; that the heroin was for his personal use, but that he had no other narcotics in his apartment. On the nearby commode was a box of empty Number 5 gelatin capsules.

At headquarters he repeated that he was a user only and that he had done no peddling.

Officer Hall had no warrant for any person when he entered the Diamond Street address.

Basing his action on section 1881.5, Code of Civil Procedure, the court sustained an objection to the disclosure of the name of the informant. The officer testified that on November 5, 1956, the informant said that Salcido was the man from whom he had purchased narcotics over "a period of time"; Salcido had received a quantity of heroin and was capping it at that time; he knew Salcido by reputation. However, the officers had also other information from a well-known reliable informant twice before, two or three weeks previous to November 5. The informant who supplied the intimate knowledge on the last mentioned day was an unemployed narcotics addict.

Appellant's counsel was, at the trial, exercised over the credibility of the informant and the soundness of his reasons. That is not the question, but rather, was the court justified in finding that the officer was warranted in relying upon the informant? (*People* v. *Dean,* 151 Cal.App.2d 165, 167 [311 P.2d 85].) ▮ The weight to be given to the information upon which the officer acted is to be determined "by the trial court in the exercise of a sound discretion." (*People* v. *Gonzales,* 141 Cal.App.2d 604, 607 [297 P.2d 50].) ▮ The officer testified that his informant had on two prior occasions supplied information. Again, on November 5, 1956, he related that appellant was then in possession of a supply of heroin. Moreover, the officer had received the same information from the same informant on August 1, 1956, and similar information two weeks before November 5. Such events justifiably induced the police to find appellant and to arrest him.

▮ This court has recently held (*People* v. *Moore, ante,* p. 43 [315 P.2d 357]) that divulging the name of the informant cannot be compelled where he was not a participant in the crime or the arrest and knowledge of his identity would be of no aid to defendant in establishing innocence of the alleged offense.

▮ The officers did not enter the Diamond Street address without permission. They were asked to enter the apartment by appellant's father who met them at the door. He directed them to the place at which they would find appellant. Those facts were sufficient to support the implied finding that the entry was not unlawful. (*People* v. *Gorg,* 45 Cal.2d 776, 782 [291 P.2d 469] ; *People* v. *Michael,* 45 Cal.2d 751, 753 [290 P.2d 852] ; *People* v. *Hood,* 149 Cal.App.2d 836, 838-839 [309 P.2d 135].) From the testimony of the arresting officers and of appellant's father, the court fairly deduced that the

police had entered the apartment with the father's consent; that the latter was in charge and that there was no illegal search or seizure. ■ The only evidence seized was that in the possession of appellant who was then in the act of committing a felony and who was arrested before the officers seized anything. The heroin taken was therefore legally admissible. (*People* v. *Burke*, 47 Cal.2d 45, 49 [301 P.2d 241].)

Affirmed.

Fox, J., and Ashburn, J., concurred.