[Crim. No. 6517.    Second Dist., Div. Two.    Apr. 8, 1959.]

THE PEOPLE, Respondent, v. GERALD LEE ARTER, Appellant.

Sam Bubrick for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert M. Sweet, Deputy Attorney General, for Respondent.

HERNDON, J.—Appellant was convicted and sentenced to state prison for possession of heroin. His sole contention on appeal is that he was arrested without a warrant and without reasonable or probable cause, so that the incriminating evidence seized in the course of the ensuing search was inadmissible. By stipulation the case was submitted to the trial judge upon the transcript of the testimony taken at the preliminary examination.

On the night of June 13, 1958, Donald J. Johnson, the arresting officer, had a conversation with a man to whom he referred as ''the foreman.'' Apparently the person referred to was the foreman of the Spray Electric Company, appellant's employer. Officer Johnson testified that he had known this

informant for approximately one year and believed him to be a user of narcotics. The information imparted to the officer by this informant included the following: that a person known as Jerry Arter worked at the Spray Electric Company as a draftsman; that Arter worked at a front window, and that when a person desired to purchase heroin from Arter, he would walk back and forth past the window on the opposite side of the street until Arter recognized him; that Arter would then leave the establishment, go out to the sidewalk and there make the sale; that Arter was selling heroin at $3.00 per capsule; that Arter usually had the heroin in his possession when he entered the plant to work, and that Arter, himself, was an addict. The informant described Arter as being a slender, dark-haired young man of approximately 25, standing about 5 feet 8 or 9 inches in height. Further, the informant told the officer that Arter lived in a large apartment house on 5th Avenue, just below Pico, near a Sears and Roebuck store, and that Arter drove a black 1958 Volvo sedan which he parked in the garage near the rear of the apartment house.

Shortly after receiving this information, and by way of verifying it, Officer Johnson went to the location referred to by the informant and there found an apartment house similar to that which the informant had described. The officer went to the garage at the rear of the apartment and upon opening the garage found therein a black 1957 or 1958 Volvo sedan. After obtaining the license number of the vehicle, the officer verified its ownership through the Department of Motor Vehicles.

It appears that the officer made certain inquiries and received information from the "Record and Identification bureau." Although it is not entirely clear from the record, it may be inferred that this bureau was an agency of the police department. When the officer was about to testify to the results of his inquiries at this bureau, counsel for defendant interposed an objection "to anything he received from his record bureau, as being immaterial." When this objection was sustained, the district attorney directed the witness to proceed with the following statement: "Don't tell us what you learned from the record department, but tell us what else you did on checking out the information." The officer then proceeded to relate that he and Officer Korby went to the parking lot adjacent to the Spray Electric Company where they awaited the arrival of appellant.

At approximately 10 a. m. the officers observed a black 1957

or 1958 Volvo sedan enter the parking lot. As appellant got out of the vehicle, the officers approached him, stating that they were police officers. Observing that appellant had "something in his hand," Officer Korby extracted from appellant's left hand a package containing heroin. Another package of heroin was found in the glove compartment of appellant's vehicle.

Following his arrest, appellant admitted that the heroin was his; that he had bought three grams "from a fellow named Pico, down around Figueroa." Appellant further stated "the reason I was late for work, I just scored this morning." When asked "Did you use any this morning" he replied "Yes, I just had a fix before I got here." Appellant further stated that he had been using heroin for approximately five or six years at the rate of two or three grams a day; that he sold heroin for $3.00 a capsule, and that he had paid $12.50 per gram for the narcotics which were in his possession on that day.

■ It is apparent from the foregoing recital that there was adequate basis for the implied finding of the trial judge that the arresting officer had reasonable cause to justify the arrest here in question. As recently stated in *People* v. *Barnett,* 156 Cal.App.2d 803, 806 [320 P.2d 128] : "A peace officer, may without a warrant, arrest a person when a felony has been committed and the officer has reasonable cause for believing the person arrested to have committed it. (Pen. Code, § 836.) ■ '[R]easonable cause to justify an arrest may consist of information obtained from others and is not limited to evidence that would be admissible at the trial on the issue of guilt.' (*People* v. *Boyles,* 45 Cal.2d 652, 656 [290 P.2d 535].)

■ 'Probable cause is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused.' (*Bompensiero* v. *Superior Court,* 44 Cal.2d 178, 183 [281 P.2d 250].)

■ 'Whether the informant was reliable and whether the officer relied on the information received has first to be determined by the trial court so long as it acts with sound discretion.' (*People* v. *Dean,* 151 Cal.App.2d 165, 167 [311 P.2d 85].) 'It is the officer's credibility and the soundness of his reasons for relying upon his informant that must impress the court before it can determine that the officer was authorized to make the arrest.' " As recently stated in *People* v. *Weathers,* 162 Cal.App.2d 545, 546-547 [328 P.2d 222] ; "[I]t is the credibility of the officer and the soundness of his reasons for relying on the informant which is the primary question. The

reliability of the informant is not paramount. (*People* v. *Dean,* 151 Cal.App.2d 165, 167 [311 P.2d 85].) ■ Further, the weight to be accorded the information upon which the arresting officer acts is a question of fact for the trial court. (*Lorenzen* v. *Superior Court,* 150 Cal.App.2d 506, 510 [310 P.2d 180] ; *People* v. *Gonzales,* 141 Cal.App.2d 604, 607 [297 P.2d 50].) ''

■ Cases relied upon by appellant involving *anonymous* informants are not in point. The arresting officer in the instant case had known the informant for approximately one year. The fact that the informant, during this period of time, had occupied a position of responsibility with a substantial firm could be regarded as substantial evidence of his honesty and reliability. Moreover, the detailed nature of the information given and the completeness of the description of the accused and his *modus operandi*—especially after the information had been independently verified in substantial part—were such as to give the information an aspect of intrinsic reliability. At no time during the trial, or the preliminary hearing, did appellant seek disclosure of the informant's name. Thus, it is practically an inescapable inference that appellant also knew the informant's identity. Nor did appellant move to strike the officer's testimony regarding the communications which he had received from the informant. In such a case ''. . . evidence of information from a reliable informer is . . . unobjectionable and may be sufficient to sustain a finding that the search was made with reasonable cause . . .'' (*Priestly* v. *Superior Court,* 50 Cal.2d 812, 819-820 [330 P.2d 39].)

■ Furthermore, in this case, as in *People* v. *Boyles,* *supra,* 45 Cal.2d 652, 656, ''. . . defendant is not in a position to challenge the failure of the record to establish the basis for the officer's belief. When the prosecuting attorney sought to establish that basis, defendant objected and the committing magistrate ruled that the matter should be gone into on cross-examination. At that time defendant limited the examination to a determination that the officer had not personally witnessed any activity of defendant with regard to narcotics.'' Likewise, in the instant case, appellant, by interposing an objection, successfully prevented the prosecution from presenting evidence which presumably would have developed more fully the information upon which the officer acted in making the arrest.

Affirmed.

Fox, P. J., and Ashburn, J., concurred.