[Crim. No. 5925.   Second Dist., Div. Two.   Sept. 24, 1957.]

THE PEOPLE, Respondent, v. TUSON SPURGYN MOORE, Appellant.

Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Bonnie Lee Hansen, Deputy Attorney General, for Respondent.

FOX, J.—Appellant was convicted on two counts of violating section 11500, Health and Safety Code. The allegation that he had suffered a prior conviction for possession of narcotics was found to be true. Defendant appeals from the judgment.

As grounds for reversal defendant contends (1) that the officers did not have sufficient information to establish "reasonable or probable cause" for believing that he was committing a public offense; that the ensuing search of his apartment was in violation of his constitutional rights; and that the evidence thus seized was inadmissible; and (2) that the court erred in not requiring the police officers to disclose the identity of their informant. There is no merit in either of these contentions.

At approximately 7:30 p. m. on August 7, 1956, Officers Lucarelli and Broadhurst, of the Los Angeles Police Department, met a confidential informant pursuant to previous arrangements made by telephone. The informant told the officers that appellant and a lady friend were living in Apartment Number 3, at 5884 South Figueroa Street, Los Angeles; that they were using and selling narcotics, and that they had some there at that time. Officer Lucarelli asked the informant how he knew the narcotics were there and that such activity was going on. The informant stated that he had been there earlier that evening and had witnessed a sale. Officer Lucarelli testified that he had received information

from this informant over a period of four or five years; that as a result of his information nine or ten arrests had been made, some of which resulted in convictions.

Officer Broadhurst also had known the informant over a period of years through police work and had received information from him on which convictions had been secured "15 or 20 times." Officer Broadhurst was still using this informant at the time of the trial of this case.

The officers considered the information reliable and acted upon it by going to the designated address. They waited outside for approximately 20 minutes. Appellant and his lady friend came out of the building at about 9 p. m. The officers identified themselves and placed both parties under arrest "for narcotics." Officer Lucarelli asked appellant "if he had any stuff in the house," to which the latter replied in the negative; he handed the officer some keys and said, "Go see for yourself." The parties proceeded to Apartment 3; the key given to the officer by appellant fitted the lock to that apartment. The officers did not have either a search warrant or a warrant of arrest. In their search of the apartment the officers found a brown sport coat in the bedroom closet. In the presence of the appellant, his codefendant and the other officer, Officer Broadhurst removed a quantity of heroin and marijuana from the coat. Appellant told the officers that he used narcotics occasionally but that his use had not developed into a habit. He stated that he had lived in this apartment for approximately two weeks.

Appellant testified that the coat belonged to James Hill; that Hill, did not live there but had been in the apartment a week or so prior to the arrest. At the trial appellant tried on the coat and it was the opinion of the court that the "coat fits the defendant and it is his coat."

Appellant denied handing the keys of his apartment to the officers and telling them to take a look. His story was that the officers handcuffed him, went through his pockets and took the key.

A lawful arrest may be made solely upon information furnished by a reliable informant. (*People* v. *Hood,* 150 Cal.App.2d 197, 200 [309 P.2d 856]; *Lorenzen* v. *Superior Court,* 150 Cal.App.2d 506, 509 [310 P.2d 180]; *People* v. *Montes,* 146 Cal.App.2d 530, 532 [303 P.2d 1064]; *People* v. *Penson,* 148 Cal.App.2d 537, 539 [307 P.2d 24]; *People* v. *Guerrera,* 149 Cal.App.2d 133, 136 [307 P.2d 940]; *Trowbridge* v. *Superior Court,* 144 Cal.App.2d 13, 17 [300 P.2d

222].) ■ The officers had received information from this informant over a period of years on which they had acted and which had resulted in 15 or 20 convictions. This established a sufficient basis for them to reasonably conclude that this informant's information was reliable. It was pointed out by this court in *People* v. *Gonzales,* 141 Cal.App.2d 604, at page 607 [297 P.2d 50], that "the weight to be accorded the information upon which the officer acts in making an arrest for a felony is to be determined by the trial court in the exercise of a sound discretion," and that the good faith of the officer in testifying that he received his information from a reliable source (p. 608) "must pass the scrutiny of the trial judge." Here, there was clearly no abuse of discretion on the part of the trial court in accepting the testimony of the officers as sufficient to establish probable cause for the arrest of appellant. His arrest was therefore lawful.

■ As an incident of such arrest, it was proper for the officers to search appellant's apartment and to accept his invitation and cooperation to that end and to seize the contraband found there. It was thus lawfully seized and properly admissible in evidence. (*People* v. *Coleman,* 134 Cal. App.2d 594, 598-599 [286 P.2d 582].)

■ The court properly refused to compel the officers to reveal the identity of their informer because he was just that and nothing more. He simply furnished the information upon which the officers could reasonably entertain a strong suspicion that appellant was violating the law. He played no part in the criminal acts (possession of heroin and marijuana) with which appellant was later charged. The identity of the informant would not have aided the appellant in establishing his innocence for the officers found the contraband in the pocket of a coat which was determined to belong to the appellant. The court did not have to rely on the informant to establish appellant's guilt. The informant was not a participant in the offense. (See *People* v. *Lawrence,* 149 Cal. App.2d 435, 450 [308 P.2d 821].) Furthermore, this information was given the officers in official confidence, and at the time of trial the informer was still being used in that capacity by Officer Broadhurst. In this connection Code of Civil Procedure, section 1881, subdivision 5, provides that: "A public officer cannot be examined as to communications made to him in official confidence when the public interest would suffer by the disclosure." Under the circumstances the trial court did not abuse its discretion by not requiring the officers to dis-

close the name of their informant. (*People* v. *Gonzales, supra*; *People* v. *Dewson,* 150 Cal.App.2d 119, 125-126 [310 P.2d 821]. See *Sorrentino* v. *United States,* (9th Cir.) 163 F.2d 627.)

In the Gonzales case, as here, the appellant complained that "the trial court prejudiced his cause by refusing to allow him to cross-examine the officers as to the name of their informant." We answered that contention in this language: "There was no error in such ruling. Knowledge of the name of the 'operator' who had evidently gained accurate information with reference to appellant's possession of narcotics could not have proved the latter guiltless. The disclosures by the arrest show that the information was correct. Not only would such knowledge have been of no service in an attempt to establish appellant's innocence, but it would have affected the public welfare adversely. If the unnamed 'operator' is successful in ferreting out violators of the narcotics laws, he should have the gratitude of the State. If his name is carried on the tongue of every 'dope peddler' in the county, he would have only the scorn of the sinful. But the court in refusing appellant the right of such cross-examination was obedient to the statute that a public officer cannot be examined as to official communications made to him in confidence if the public interest would suffer. [Citations.] In announcing the foregoing rule, we do so with the reservation that the court is now concerned only with a case involving search and seizure. It is not here held that the right of free cross-examination should be denied in any criminal cause in which knowledge of the officer's informant would probably prove the innocence of the accused [citations]." (P. 607.)

The judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.