[Crim. No. 6163. Second Dist., Div. Two. July 15, 1958.]

THE PEOPLE, Respondent, v. SIDNEY CHERRIE, Appellant.

Sidney Cherrie, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and John A. Vander Lans, Deputy Attorney General, for Respondent.

FOX, P. J.—Defendant was convicted of possession of heroin in violation of section 11500 of the Health and Safety Code. Two prior convictions were also alleged, one for robbery and the other for a narcotics offense. Both of these prior convictions were found to be true. Defendant was sentenced to the state prison. He has appealed from the judgment.

At approximately 10:30 p. m. on April 14, 1957, Officer Soviak, of the Los Angeles Police Department, received information from an informant, who had previously given him information which had led to the arrest and conviction of two people, that the defendant had been selling narcotics earlier that evening at the corner of Fifth and Stanford Streets, in Los Angeles; that the defendant had gone home but still had some narcotics in his possession; that defendant lived at 460

East Fourth Street, in Room No. 200. About half an hour later Officer Soviak and his partner went to the designated address; Officer Soviak knocked on the door; a male voice inquired, "Who is there"? Officer Soviak replied, "Police Officers." Defendant came to the door, the officers identified themselves, and defendant let them in. He did not ask what they wanted, but said, "Come in." At about the same time a man who lived across the hall came to the door, and he also went into defendant's room. Defendant was in the nude; he walked to a chair near the center of the room and sat down; after a few minutes he reached over to the television set to get a pack of cigarettes; as he made this movement a yellow bindle fell onto the chair from his rectum. Officer Soviak picked it up. The officer then placed defendant under arrest. Defendant thereupon volunteered the information that he was again selling narcotics; that he was selling for a man on the west side of town, and that he was working on a 60-40 percentage. He explained that his supplier had delivered 10 bindles to him at his room the day before, and that in the meantime he had sold four of them. He further related that his supplier had personally used two of the bindles; this accounted for his having only four left. Upon analysis, the substance contained in these bindles was found to be heroin.

Defendant's story was that there was a knock on his door; that he inquired as to who was there, and the response was, "Dobb," a friend who lived across the hall; whereupon defendant got out of bed and opened the door. As he was getting back into bed, two officers rushed in, Dobb following close behind. One of the officers searched the floor and ordered defendant out of bed and to put on his clothes. Defendant denied being shown any bindle while in the room, and denied telling the officers that he was selling narcotics for a fellow on the west side of town on a 60-40 per cent basis. Defendant's girl friend corroborated his testimony.

Defendant's first contention is that the evidence presented by the People was obtained by an unlawful search and seizure. The officers went to the address in question as the result of information they had received from an informant, whose reliability had been previously established. According to Officer Soviak, the entry of the officers into defendant's room was upon his express invitation. While defendant and his girl friend gave a different version of the entry of the officers, the trial court resolved this conflict against the de-

fendant and impliedly found that defendant consented to the entry of the officers. The resolution of this factual question by the trial court is, of course, binding on this court. (See *People* v. *Gorg,* 45 Cal.2d 776, 782 [291 P.2d 469]; *People* v. *Michael,* 45 Cal.2d 751, 753 [290 P.2d 852]; *People* v. *Burke,* 47 Cal.2d 45, 49 [301 P.2d 241].) It is thus plain that there was no illegal entry.

 It is equally plain that there was no unreasonable search. Officer Soviak observed a yellow bindle fall from defendant's person when he moved his body in order to reach a pack of cigarettes on the television set. With the information he had received previously, it was reasonable for the officer to pick up the bindle and examine its contents. Such a search was in no sense unreasonable, and the retrieved bindle was properly received in evidence. (*People* v. *Wright,* 153 Cal.App.2d 35, 38 [313 P.2d 868]; *People* v. *Moore,* 140 Cal.App.2d 870, 871 [295 P.2d 969]; *People* v. *Martin,* 45 Cal.2d 755, 762 [290 P.2d 855].)

 Defendant also contends that he was entitled to know the name of the informant who supplied the police with the information that led to his arrest. There is no merit in this contention, for the police did not arrest the defendant on the information supplied by their informant but rather the arrest was made on the basis of what they observed after the defendant invited them into his room. The facts in the instant case concerning the part played by the informer are similar to those in *People* v. *Moore,* 154 Cal.App.2d 43 [315 P.2d 357]. What was there said by this court on that question is here apposite. On page 46 we stated: "The court properly refused to compel the officers to reveal the identity of their informer because he was just that and nothing more. He simply furnished the information upon which the officers could reasonably entertain a strong suspicion that appellant was violating the law. He played no part in the criminal acts (possession of heroin and marijuana) with which appellant was later charged. The identity of the informant would not have aided the appellant in establishing his innocence for the officers found the contraband in the pocket of a coat which was determined to belong to the appellant. The court did not have to rely on the informant to establish appellant's guilt. The informant was not a participant in the offense." Under the circumstances, the trial court did not abuse its discretion by not requiring the officers to disclose the name of their in-

formant. (*People* v. *Dewson,* 150 Cal.App.2d 119, 126 [310 P.2d 162].)

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing (erroneously designated as "Writ of Habeas Corpus") and stay of execution was denied July 24, 1958. Appellant's petition for a hearing by the Supreme Court was denied September 10, 1958.