[Crim. No. 3483.   First Dist., Div. One.   July 25, 1958.]

THE PEOPLE, Respondent, v. JAMES BOYD, Appellant.

Joseph H. Radensky, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

PETERS, P. J.—After a trial before the court without a jury, defendant was convicted of the illegal possession of narcotics. He admitted a prior conviction for the same offense. On this appeal his sole contention is that his arrest and search were illegal because made without warrants and without reasonable and probable cause.

A federal narcotics agent, Prizborowski by name, testified that on May 14, 1957, he received information from an informant that defendant, whom the informant described, was engaged in the narcotics traffic. The informant stated that defendant was a runner for a notorious narcotic dealer who was operating in the Fillmore District and who was known to the agent. The informant also stated that on several occasions he had purchased narcotics from the defendant, and that both the informant and defendant had used narcotics in the defendant's place of abode. The address and apartment number of defendant's residence were given. The agent also testified that the informant had previously given him information on four or five occasions and that such information had proved to be reliable. In each case, as a result of such information, arrests and convictions were secured. The defendant did not request the name of this informant.

The agent testified that several hours after receiving this information he and two other agents visited defendant's apartment. Prizborowski knocked on the door. The defendant opened it just far enough to peek out. The officers identified themselves and the defendant then "opened the door wider and admitted us into the premises." In response to a question from the officers the defendant stated that his name was "James Boyd." As Prizborowski was talking to defendant he noticed what appeared to be old hypodermic needle marks on the hands and forearms of defendant. The defendant was then placed under arrest and the premises searched. In the pocket of a raincoat belonging to defendant two cellophane bags containing heroin were found. One of the officers remarked that it looked as if each bag had contained an ounce of heroin. Defendant then stated: "No, I spilled a spoon of heroin in the bags and the powder that was left kind of stuck to the bags, but they weren't full. They didn't contain an

ounce each.'' The agent admitted that he had neither a warrant of arrest nor a search warrant.

Defendant testified that the officers demanded admittance to the apartment and that he did not consent to the entry. He admitted that the raincoat in which the heroin was found belonged to him, and that no one else ever wore it, but denied all knowledge of the narcotics or how they got into the pocket of his coat. He admitted talking to the officers about the cellophane bags, but stated that he did not tell them that he had spilled a spoon of heroin in the bags, but simply told the officers that someone must have done so. Defendant admitted that there were old hypodermic marks on his arms.

Defense counsel then stated to the court that he was convinced that this evidence, if admissible, was undoubtedly sufficient to find the defendant guilty, but that he wanted to raise the question that this evidence was inadmissible because secured by means of an illegal arrest and search. His theory is that the officers, under these facts, did not have reasonable or probable cause to believe that a felony had been committed by defendant. In support of this contention defendant challenges the correctness of the rule relied upon in support of the judgment that police officers may make an arrest and conduct a search solely on the basis of information received from a reliable informant, and that such an arrest and search are justified if the trial court believes that the officer reasonably relied on the information thus given to him.

There are many cases holding that an arrest and search may be made solely on the basis of information received from a single reliable informant. (*People* v. *Hood*, 150 Cal. App.2d 197 [309 P.2d 856] ; *People* v. *Guerrera*, 149 Cal.App. 2d 133 [307 P.2d 940] ; *People* v. *Gonzales*, 141 Cal.App.2d 604 [297 P.2d 50] ; *People* v. *Moore*, 154 Cal.App.2d 43 [315 P.2d 357].) When the officer recounts at the trial the information so received, such evidence is not hearsay. (*People* v. *Fischer*, 49 Cal.2d 442 [317 P.2d 967].) In such a case it is not the credibility of the informant that is in issue, but the credibility of the officer, the soundness of his reasons for relying upon the informant, and the nature of the informant's disclosures. It is for the court to say whether the officer acted reasonably under the circumstances. (*People* v. *Dean*, 151 Cal.App.2d 165 [311 P.2d 85] ; *Lorenzen* v. *Superior Court*, 150 Cal.App.2d 506 [310 P.2d 180].)

In the instant case the trial court has necessarily found that the officer reasonably believed the informant, and

that on the information divulged the officer acted reasonably in arresting defendant and searching the premises. Under the rules of the cases cited, *supra,* the arrest was legal, the search proper, and the evidence properly admitted.

Defendant, while admitting that this is the rule announced in the cited cases, attacks that rule. He points out that the officer in such a case is not a disinterested witness because the reputation of the agency to which he belongs and his own reputation are in issue, and that he is therefore interested in upholding the arrest and search. Furthermore, the officer is interested because if the search is held to have been illegal he may be subjected to a civil liability.

These arguments are not new. As this court said in *Lorenzen* v. *Superior Court,* 150 Cal.App.2d 506, 509 [310 P.2d 180] : ''This is not a new question in California. It has been decided so many times that such information is sufficient that it is an open question no longer.''

The defendant may, on cross-examination, attack the credibility of the officer involved. He can request the identity of the informant, and perhaps a refusal to divulge renders the evidence subject to a motion to strike. No such request was here made. The defendant may bring out the fact, if it be a fact, that the informant was addicted to narcotics. That was done here.

It must be remembered that since the decision of *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513], the courts have been struggling to work out reasonable rules governing the search and seizure problem—rules that are reasonably fair to the defendant and reasonably fair to the People.

In reference to the problem under discussion the courts have unanimously held that it is reasonable that a police officer may make an arrest or conduct a search without warrants solely on the information secured from an informant deemed by the officer to be reliable, as long as the issue of the officer's credibility is submitted to the trial court. The means available of testing such information are sufficient to protect, reasonably, the rights of the defendant.

The judgment is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.