[Crim. No. 1508.   Fourth Dist.   Oct. 30, 1959.]

THE PEOPLE, Respondent, v. RUBEN TORRES RODRIGUEZ, Appellant.

Ruben Torres Rodriguez, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from judgment of conviction entered upon a jury verdict of guilty of possession of marijuana. He was sentenced to state prison. His codefendant, Dias, has not appealed.

About 2 a. m. on September 15, 1957, James E. Willis, a narcotics investigator attached to the San Bernardino County Sheriff's Office, was informed that defendant had some nar-

cotics in and about the defendant's bedroom in a house where defendant lived with Lawrence Dias in Redlands. Officer Willis met the informer, Miss Downs, about an hour later, at which time she stated that she had seen narcotics in defendant's home at a previous time and that a narcotics party was presently being held at defendant's residence. Willis and a group of fellow officers were escorted to defendant's home by Miss Downs. It was observed that the house was lighted, several cars were in the yard and various people were moving about inside and outside the house. Miss Downs was left at the house and told to go inside and see if narcotic substances were still there. The officers were to return in 15 minutes and, if the narcotics were not inside, Miss Downs was to leave the house and notify them of this fact. Upon the officers' return to the house, Miss Downs was not in sight and the officers were observed by a person outside the house. This person immediately went into the house, whereupon Officer Willis entered the front door of the house and placed the occupants, including defendant, under arrest. Dias was in the front room and defendant was found, fully clothed, in a bedroom adjoining a bathroom. A search was conducted and a little over a pound of marijuana, sufficient to make 350 to 400 cigarettes, worth about $1.00 each, was found under the tub in the bathroom next to defendant's bedroom. Officer Willis asked the defendant, "Ruben, what is this?" Defendant did not reply. The officer then said, "Ruben, it is marijuana. It is your marijuana. You put it underneath the bathtub where Sergeant Childs just found it." Again, defendant did not respond to the accusation, although the statement was made directly to him. Lupe Lara, one of the persons arrested in defendant's house on the morning of September 15, 1957, testified that on September 16, in the Redlands city jail, defendant said, with reference to the marijuana found in the bathroom, that he thought they (the officers) had missed it and he didn't know how they found it.

The defense attempted to establish that the house in which defendant and Dias lived was usually unlocked and that their numerous friends had free access to the place, watching television and making themselves at home at all hours of the day or night. Defendant testified that he had been drinking heavily on the night of his arrest and went to sleep about 3:30 a. m. He was awakened by the informer and almost immediately the police came in. Defendant stated that he immediately denied the accusations of Officer Willis. In dis-

cussing Lara's testimony about the conversation in the Redlands city jail, defendant explained that this was merely part of a general discussion about the fact that the officers had searched at some length before discovering the marijuana. Defendant's testimony was corroborated by that of his co-defendant, Dias.

After sentence was imposed, defendant filed a purported notice of appeal from the judgment and requested this court to appoint an attorney to represent him on his appeal. Defendant and his attorney at the trial were requested to inform this court of possible meritorious grounds of appeal. Both defendant and his trial counsel suggest that there is a question as to whether the search by the officers was lawful and whether there was sufficient evidence to sustain a verdict of guilty.

This court then made an independent examination of the record and determined that it would not be of value to the defendant or helpful to the court to have appellate counsel appointed. (*People* v. *Hyde*, 51 Cal.2d 152 [331 P.2d 42] ; *People* v. *Marsh*, 170 Cal.App.2d 284 [338 P.2d 495].) Defendant was informed that his request for counsel had been denied and he was requested to file an opening brief or make such other showing as he might desire. An opening brief was filed and the attorney general filed a memoranda brief in reply thereto.

The evidence is sufficient to support the conviction. *People* v. *Antista*, 129 Cal.App.2d 47 [276 P.2d 177]. ██ Although the testimony of defendant created a conflict in the evidence on the question of knowledge, it is not the function of appellate courts to reweigh this evidence.

██ ''(W)e must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.'' (*People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778].)

██ The evidence was sufficient to support a finding that the marijuana was in the joint possession of defendant and Dias. *People* v. *Crews*, 110 Cal.App.2d 218, 220 [242 P.2d 64] ; *People* v. *Simpson*, 170 Cal.App.2d 524, 533 [339 P.2d 156].

The search was made incident to an arrest upon information furnished by an informer. The evidence discloses that Officer Willis had previously found her information to be accurate and reliable when he made an arrest upon it one month previously. On another occasion he had checked information she

furnished against other information and found that her information was correct. The name of the informer was disclosed and it appears that she was known by defendant.

■ It is now well established that the prosecution has no duty to call the informer as a witness. *People* v. *Alexander,* 168 Cal.App.2d 753, 754-755 [336 P.2d 565]; *People* v. *Taylor,* 159 Cal.App.2d 752, 756 [324 P.2d 715].

■ There was ample evidence of reasonable and probable cause for the arrest and search. *People* v. *Dewson,* 150 Cal. App.2d 119, 128 [310 P.2d 162]; *People* v. *Chatman,* 166 Cal.App.2d 627 [333 P.2d 374]; *People* v. *Boyd,* 162 Cal.App. 2d 332 [327 P.2d 913]; *Trowbridge* v. *Superior Court,* 144 Cal.App.2d 13, 18 [300 P.2d 222].

■ While defendant or his counsel did not raise the question on appeal, one further matter appears of record which merits some discussion. During the trial, one of the jurors called defense counsel by telephone about a matter of a political nature and not particularly related to the trial. Defense counsel immediately disclosed this fact to the trial judge who decided that it would be best to excuse the juror. No alternate juror had been selected. Out of the presence of the jury, with a court reporter and all counsel present, the judge asked the defendants whether they were willing to join in a stipulation with their attorney and the prosecuting attorney that the trial would proceed with 11 jurors.

While it does not appear that either defense counsel or the prosecuting attorney spoke into the record direct words of express waiver, we think the record clearly shows actual affirmative waiver by both counsel. It is clear from the record that both counsel appeared before the judge with the reporter and defendants, out of the presence of the jury, for the purpose of stipulating and continuing the trial with 11 jurors. In the presence of the defendants, the prosecuting attorney and the judge, defense counsel and the judge separately asked defendants if they were willing to proceed with 11 jurors, to which both defendants answered ''yes'' without equivocation. The judge then opened court with all remaining jurors present and said, ''Ladies and gentlemen of the jury, due to circumstances beyond the control of any of us, one of the jurors, Mr. Erickson, has been excused from further service in this trial, and the attorneys and the defendants have entered into a stipulation to proceed with the case with 11 jurors.'' It will be seen from the foregoing that defense counsel was the one actively promoting the waiver and that no

dissent was voiced by anyone upon the announcement by the judge, in open court, of the stipulation of counsel and the parties.

Article I, section 7 of the state Constitution provides in part: "A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court, by the defendant and his counsel." There could be no prejudice to defendant because the prosecuting attorney failed to further express his waiver in open court. (Cal. Const., art. VI, § 4½.) See also *People* v. *Noland*, 30 Cal.App.2d 386, 388 [86 P.2d 363]; and *People* v. *Brooks*, 154 Cal.App.2d 631, 634 [316 P.2d 435]. In the latter case, the court said:

"Clearly, if the defendant unequivocally expresses his waiver of a jury trial in the presence of his counsel and his counsel thereafter continues to represent him throughout the trial without indicating any objection, then his counsel has in effect joined in the waiver."

The express waiver of the defendant and the conduct of his counsel, under the circumstances related, were sufficient to satisfy the requirements of the constitutional provision and no prejudicial error resulted.

Judgment affirmed.

Shepard, J., and Coughlin, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.