[Crim. No. 7105.   Second Dist., Div. One.   Oct. 31, 1960.]

THE PEOPLE, Respondent, v. JAVIER FRANK
VENEGAS, Appellant.

Al Matthews for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David R. Cadwell, Deputy Attorney General, for Respondent.

WOOD, P. J.—In a nonjury trial defendant was convicted on two counts of unlawfully selling heroin.   He appeals from the decision, judgment, and order denying a motion for a new trial.

Appellant contends that he was denied due process of law

and a fair trial because the prosecution failed to produce, as a witness, a person who participated in "the crime alleged in the information."

Pursuant to stipulation the case was submitted upon the transcript of the preliminary examination, subject to the right to offer additional evidence.

Officer Trujillo testified that on May 14, 1959, about 12:05 p. m., he was in his automobile which was parked in front of the Western Electric Corporation Building in Los Angeles; a Mexican man, whom the officer had met at the Ebony Room on Brooklyn Avenue, was in the automobile with the officer; at said time the defendant, whom the officer had met about five days previously, came out of the building and walked in front of the officer's automobile, and went to the other side of the street and stopped at a place which was about 30 feet from the automobile; then the Mexican went to the defendant, had a conversation with him, and returned to the automobile; the officer gave $20 to the Mexican, who then returned to the defendant and handed the $20 to him; the defendant handed a blue object to the Mexican, who then returned to the automobile and handed a blue balloon to the officer; the balloon contained ten capsules which were filled with white powder.

The officer testified further that on the same day, about 2.35 p. m., he saw the defendant in front of the same building; at that time the defendant came out of the building, entered the officer's automobile, and sat in the rear seat; the officer told defendant that the Mexican might not be able to come with the officer on the following day and that the officer wanted to come and pick up some stuff for himself; defendant, after saying that would be "OK," asked if the officer wanted anything at that time; the officer replied that he did not have much money with him; defendant said he would give him two caps for $4.00; the officer gave him $5.00, and the defendant gave the officer two capsules of white powder and $1.00.

It was stipulated that a chemist would testify that the capsules, above referred to, contained heroin.

The officer testified further that on June 18, 1959, he and four other officers went to the front of the building above referred to and arrested the defendant; the officer (witness) had a conversation with defendant wherein the defendant said that he did not remember selling heroin to the officer, but he did sell heroin to the person who was with the officer.

On cross-examination, counsel for defendant asked the officer to state the name of the Mexican who was with him

on said May 14; the officer replied that his name was "Richard," but the officer did not know the man's full name or know where he lives; that the man was about 28 years old, 5 feet 9 inches tall, weighed about 150 pounds, had black hair, brown eyes and a moustache.

Defendant testified that on May 14, 1959, he did not have a transaction with Officer Trujillo wherein he sold narcotics to the officer; that he did not on that day sell narcotics to anyone. On cross-examination, he said that he had been convicted of a felony, "Possession."

After defendant had testified, counsel for defendant made a motion that the court direct the prosecution to produce the Mexican man who had been described by Officer Trujillo, and that in the absence of producing him that the court "suppress" the capsules and blue balloon (referred to in the preliminary transcript as Exhibits 1, 2, and 3), and that the court strike the testimony of the officer. The motion was denied. (At the time such motion was made, the officer was not present—it appears that he had been excused when the case was submitted upon the preliminary transcript.) Counsel for defendant made a motion for a continuance of the trial so that the officer could return for further cross-examination. The motion was granted. When the trial was resumed (eight days later), Officer Trujillo testified on direct examination that he had more information about the Mexican man; the name of the man was "Richard Hernandez"; he (witness) did not know the whereabouts of Hernandez, but the last he had heard was that Hernandez had gone to a hospital but he did not know "what hospital or anything." On cross-examination, he said he had just received information "at this Ebony" that "they" had heard that Hernandez was in the hospital. Thereupon, the deputy district attorney said that if counsel for defendant desired further time to locate Hernandez, the People would have no objection to a continuance. A continuance of six days was granted. When the trial was resumed (after the continuance) it does not appear that anything further was said regarding efforts to obtain Hernandez as a witness. The minutes show that on said date "Both sides rest," the cause was argued, and defendant was adjudged guilty.

Appellant argues to the effect that the trial court should have ruled that the prosecution had the choice of producing the witness Hernandez or "of being held to have suppressed the evidence." Appellant asserts further that since Hernandez

had been with Officer Trujillo at the time of the alleged first sale, and since the officer had seen Hernandez three or four times and knew he was a material witness and had made no effort to obtain his address, it is apparent that the officer was not too concerned with the matter of affording the defendant a fair trial and that the officer, by failing to secure evidence which was essential to the defendant, deliberately attempted to suppress evidence.

The name of the man who was with the officer and participated in the first sale was disclosed by the officer. At the preliminary examination the officer stated that the man's name was "Richard," but the officer did not know his full name or where he lived. As above stated, the officer also gave a description of the man. At the trial the officer stated that the man's name was "Richard Hernandez," but he did not know the whereabouts of Hernandez, and he had heard that Hernandez had gone to a hospital. A continuance was granted in order to give defendant an opportunity to locate Hernandez. The record does not show what, if anything, was said, when the trial was resumed, about defendant's efforts to locate Hernandez—it does not appear whether or not Hernandez had been located. The evidence was sufficient to justify a finding by the trial court that the officer had disclosed all the material information he had regarding Hernandez. The prosecution was not required to produce Hernandez as a witness. (See *People* v. *Smith*, 175 Cal.App.2d 396, 401 [346 P.2d 484] ; *People* v. *Rodriguez*, 175 Cal.App. 2d 56 [345 P.2d 330] ; *People* v. *Smith*, 174 Cal.App.2d 129 [344 P.2d 435].) Appellant's contention that the officer suppressed or attempted to suppress evidence is not sustainable. Appellant was not denied due process of law or a fair trial. The evidence supports the judgment.

As above stated, appellant has appealed from "the decision." Affirmance of the judgment carries with it affirmance of the decision.

The judgment and the order denying the motion for a new trial are affirmed.

Fourt, J., and Lillie, J., concurred.